*N. St. J. Green*, for the respondent.

---

## NICHOLAS MICKLES *vs.* WILLIAM D. THAYER & another.
### ISAAC S. MORSE *vs.* SAME.
## WILLIAM D. THAYER & another *vs.* NICHOLAS MICKLES & another.

Certain matters in dispute were submitted to referees " to settle and determine; " and the agreement of submission provided that " the award of such referees, or a major part of them, when made, shall be final and conclusive between the parties. The said referees are to determine all questions according to the rules of law and equity, the same as though the matter was to be tried in a court of law or equity." *Held*, that in the absence of fraud, corruption or mistake apparent upon the face of the award, the decision of the referees was final upon the questions of law as well as the questions of fact involved in the case.

If the plaintiff in a suit in equity has been induced to settle the same by fraud, and his bill has thereupon been dismissed, without any entry that it was " without prejudice," he may by a proper process obtain a correction of the decree; and if, instead of applying to the court for a correction of the decree, an agreement is made to submit to arbitration " all claims, whether in law or equity, existing between the parties," the arbitrators are not bound by such decree, but, if they find that the settlement was obtained by fraud, they may re-open and consider and determine upon the subject matter of the bill.

Mickles *v.* Thayer & another.

Under a submission to arbitration of " all claims, whether in law or equity, existing be-
tween the parties," an award that one of the parties shall pay to the other a certain sum
of money, " which award is in full of all matters referred by said parties," is not invalid
for the reason that it does not in terms dispose of a personal action pending between the
parties; but the entry of " neither party " should be made therein.

A bill in equity will not lie to set aside an award on the ground of mistake, on the part of
the arbitrators, or failure to determine all the matters submitted.  These matters may be
pleaded in defence to an action at law upon the award.

Two actions of contract upon the award of a majority of a
board of arbitrators appointed by the parties by a submission in
writing ; and a bill in equity, brought by the defendants in the
actions at law, praying for an injunction to restrain the plain-
tiffs in these actions from proceeding at law upon the award,
and also that the award might be vacated.

The material portions of the submission and award were as
follows :

" N.  Mickles and Isaac S. Morse *vs.* Wm. D. Thayer and
Newell Clark.

" A dispute having arisen between the parties above named,
and there being a suit pending in Middlesex county in the name
of said Mickles and against said Thayer and Clark, and the
said Morse proposing to institute a similar suit against the same
parties, it is hereby agreed that the said suit now pending, to-
gether with all claims, whether in law or equity, existing be-
tween the said parties, shall be referred to Charles C. Nutter,
Esquire, of Boston, as chairman, and two other persons, one to
be chosen by the said Thayer and Clark, and the other by the
said Mickles and Morse, who shall constitute a board of ref-
erees, to settle and determine all said matters of dispute ; and
the award of such referees, or a major part of them, when made,
shall be final and conclusive between the parties.  The said
referees are to determine all questions according to the rules of
law and equity, the same as though the matter was to be tried
in a court of law or equity.  . . .

" In witness whereof, the said parties do hereunto set their
hands and seals, this twenty-ninth day of March, A. D. eighteen
hundred and sixty-five.  Isaac S. Morse. [L. S.] N. Mickles.
[L. S.]  W. D. Thayer. [L. S.]  Newell Clark. [L. S.]"

The following supplemental agreement was added to the above, and signed by the same persons :

" The parties to this reference have agreed upon C. C. Nutter, B. F. Brooks, and Seth J. Thomas, as the referees to sit under the within agreement, and the report of whom, or a major part of whom, shall be final and conclusive upon all parties. June 2d, 1865."

### " Award.

" The referees named and appointed by the foregoing agreement of submission (hereto annexed) have notified and met the several parties therein named, and heard their several allegations and proofs, and the arguments of their counsel, and have duly considered the same ; and thereupon the undersigned, a majority of said referees, do award and determine that there is justly due and owing from the said Newell Clark and William D. Thayer to N. Mickles, and that the said Clark and Thayer shall pay to the said N. Mickles, the sum of seven thousand dollars ; and also that there is justly due and owing from the said Newell Clark and William D. Thayer to the said Isaac S. Morse, and that the said Clark and Thayer shall pay to the said Morse, the sum of seven thousand dollars. And this determination and award is in full of all matters referred by said parties by said annexed agreement of submission.

" Witness our hands, at Boston, this twenty-third day of August, in the year eighteen hundred and sixty-five. Charles C. Nutter. Seth J. Thomas."

The cases were reserved, by the chief justice, for the determination of the whole court, upon a report of certain testimony taken before him, the pleadings in the several suits, and the minutes of evidence before the arbitrators ; but all the facts material to the decision are stated in the opinion.

*G. A. Somerby & L. S. Dabney,* for Thayer and Clark. An award will not be enforced when it appears that the arbitrators in making it have exceeded their authority, or have disregarded the rules of law or equity, or have been guilty of partiality or misconduct or fraud, or have committed gross errors. *Strong* **v.** *Strong* 9 Cush. 568. *Boston Water Power Co.* **v.** *Gray,* 6

Met. 166.  *Jones* v. *Boston Mill Corp.* 6 Pick. 155.  *Brown* v *Bellows*, 4 Pick. 179.  *Richardson* v. *Nourse*, 3 B. & Ald. 239, 240.  *Hutchinson* v. *Shepperton*, 13 Q. B. 955.  *Ashton* v. *Pointer*, 2 Dowl. Pract. Cas. 651.  *Sharman* v. Bell, 5 M. & S. 504.

The award in this case may be inquired into.  It is not necessary that the ground of objection should appear on the face of the award.  Suppose the matter really in dispute was small, and the arbitrators should award $100,000 under a submission like the present, which does not show the extent of the controversy ; and that no bias or corruption can be shown by proving that the arbitrators have said anything or done anything improper, outside of the award itself.  Is there no remedy ?  Is one who submits to arbitration outside of the law ?  Are arbitrators absolute masters over those who submit to arbitra tion in this form ?  Unless, on looking into the matter, this court can say, from the award, that arbitrators have made gross mistakes or been guilty of misconduct, no man will ever be safe in submitting to arbitration hereafter.

But the present submission does not require the application of so liberal a rule.  In this case, the submission narrows the power of the arbitrators, and expressly provides that they shall determine all questions according to the rules of law and equity, the same as though the matter was to be tried in a court of law or equity.  This provision was intended to hold them to a strict observance of the rules of law and equity.  What kind of law shall they apply to the facts of the case ?  Clearly, the law of this court.  They are to apply the highest standard known to he law.  They are to come up to the same standard as if the case were tried in a court of law or equity.  The language of this submission is different from that in any previous case. Under this submission, the arbitrators may be masters of the facts, if they are not guilty of corruption or fraud ; but they are not masters of the law.  And in this case there was a perfect defence on the law, which the arbitrators overlooked or disregarded.

[The argument to show that the arbitrators decided **wrongly on the** facts is omitted.]

A gross and fatal error of the arbitrators was in disregarding a decree of this court in equity, and in examining into the merits of it and permitting it to be impeached for fraud. That · decree, so long as it stood unimpeached, was a complete bar to the claims on which it was founded. The arbitrators had no power to go behind it. Nobody could set it aside, unless by a direct proceeding brought for that purpose. The claims presented in that bill had become *res judicata.* *Durant* v. *Essex Co.* 8 Allen, 108. *Foote* v. *Gibbs,* 1 Gray, 412. The validity of this decree was not included in the matters submitted. It certainly was not submitted in direct terms; and it should not be deemed to have been submitted by implication.

[The counsel then argued that the settlement was not procured by fraud, on the evidence, and that, if it was, it had been afterwards affirmed.]

The award was not final, because it did not dispose of the suit pending between the parties and referred to in the submission. Billings on Awards, 128, 132. *Wild* v. *Holt,* 9 M. & W. 161. *Pearson* v. *Archbold,* 11 M. & W. 477. *Kilburn* v. *Kilburn,* 13 M. & W. 671. *Crosbie* v. *Holmes,* 3 Dowl. & Lowndes, 566. *Samuel* v. *Cooper,* 2 Ad. & El. 757. *Rule* v. *Bryde,* 1 Exch. 151.

A court of equity has jurisdiction to vacate the award. The case of *Bean* v. *Farnam,* 6 Pick. 269, was decided before this court had full equity jurisdiction. The doctrine there laid down went further than was necessary for the decision of the case. But, with the enlarged equity jurisdiction of this court, the reason of the rule fails. The advantage of maintaining the jurisdiction of a court of equity is that a party injured by an unjust award may take the initiative, and have it vacated. He need not wait till he may be unable to prove the facts to show that it ought to be set aside.

*T. H. Sweetser,* for Mickles and Morse.

CHAPMAN, J. These actions depend upon the validity of the awards declared upon in the actions at law. A controversy had arisen between the parties, and the Commonwealth had provided a tribunal to hear and determine controversies of that

character.   One of the parties had brought an action which was then pending, and another was proposing to do the same.   But they preferred to have all their controversies settled by a tribunal of their own selection, as they had a right to do; and the policy of the law favors this method of settling controversies, and makes all reasonable presumptions in favor of the validity of the awards of arbitrators.   In the absence of evidence to the contrary, the law presumes that the parties intended to make the decision final and conclusive.   This presumption is especially important in its application to an award of arbitrators acting under a submission *in pais*, because this court cannot provide for the correction of errors made by arbitrators, as it can in respect to the awards of referees appointed by rule of court. On the 29th of March 1865 the parties entered into an agreement under seal.   It recites the existence of disputes and the pendency of the suit, and it is agreed that the suit " together with all claims, whether in law or equity, existing between the said parties, shall be referred " to the arbitrators named; that these persons " shall constitute a board of referees to settle and determine all said matters of dispute, and that the award of the referees, or a major part of them, shall be final and conclusive between the parties."   The next clause is important.   " The said referees are to determine all questions according to the rules of law and equity, the same as though the matter was to be tried in a court of law or equity."

One of the principal questions made in the case is whether this clause is to be interpreted as a limitation of the power of the arbitrators, or whether it is merely directory.   If it is directory, it leaves them to be the ultimate judges as to how the matter would be tried in a court of law or equity, and thus makes their decision final and conclusive, as the parties agree it shall be.   But if it is a limitation of their power, then the award is not final or conclusive; but this court is the ultimate tribunal to decide how the principal questions ought to be settled.   It is an objection to this view that the only power thus left to this court is of a destructive character in case of our disagreement with the arbitrators.   We may destroy the award but have no power to correct it.

The agreement is to be interpreted in the light of the settled principles of law. In *Fairchild* v. *Adams*, 11 Cush. 549, Chief Justice Shaw says : " It has long since been settled that awards are conclusive on all matters of fact submitted to the arbitrators." He also says that " in the state courts it has been a very regular course for many years to hold that where no error or mistake appears upon the face of the award the decision of the referees is conclusive in law." He enumerates the exceptions to this rule ; as where there has been unfair conduct on the part of the referees ; where they are deceived by one of the parties to the injury of the other ; and when there is raised on the face of the report itself a question of law which is submitted by the referees to the judgment of the court. It had been previously settled that, when unfairness or corruption on the part of the arbitrators was alleged, their conduct might be fully investigated on that point in a suit to enforce the award. *Strong* v. *Strong*, 9 Cush. 568.

In commenting in *Fairchild* v. *Adams* upon the case of *Bigelow* v. *Newell*, 10 Pick. 348, where the parties used in their agreement of submission the phrase " always having regard to the legal rights of the parties," and where the award was held to be valid though it was not in all respects conformable to law, the chief justice forcibly states the principle upon which awards stand : " The ultimate reason for maintaining any award is, indeed, that the parties have selected their own arbitrators, and agreed to refer certain things to their determination as their attorneys. And it is idle to say that they have a right to do that, and that, when they have done it, the decision of the arbitrators, fairly made, is not final." The decision in *Bigelow* v. *Newell*, that the clause " always having regard to the legal rights of the parties " is not a limitation of the authority of referees, is applicable to the clause in question in this case.

Evidence was admitted *de bene esse* as to all the proceedings of the arbitrators, and the evidence upon which they made their award. There is nothing in it to show that they did not hear the parties fully and fairly, or that they acted under the influence of improper motives. Nor is such misconduct imputed to them.

Gross errors and mistakes in their conclusions of fact and of law are alleged, and that is all. But it is not alleged that any of these mistakes or errors are apparent upon the face of the award. As to the matters of fact, the learned counsel of the defendants have argued to us that from the evidence which was before them they ought to have decided the facts differently. But as we have no right to look into the evidence for the purpose of correcting their errors of judgment, in the absence of fraud, the argument can avail nothing.

As to the matters of law that have been argued, there are but two points that we regard as being open. They are however among the most important points that have been argued.

1. It is contended that the claims of Morse and Mickles upon which the award is based were already *res judicata,* and that they were not included in the agreement of reference; and that therefore the arbitrators had no power to decide upon them. If it be true that the arbitrators thus exceeded the power conferred upon them by the agreement, it is well settled that the award is void for that reason.

It appeared at the hearing that the claims rested upon an alleged contract or partnership for the purchase and sale of certain lands in Maryland, and division of the profits; but that the contract was oral, and was alleged to be void by the statute of frauds; that a suit in equity had been brought upon this contract and the matter had been settled by the parties, and thereupon an entry was made upon the docket, " *bill dismissed,*" without adding the clause " without prejudice," or anything equivalent to it; and that this disposition of the case was a bar to any new suit for the same cause, and made the matter *res judicata,* and no longer open to controversy. The plaintiffs contended that the defendants induced them to make the settlement by fraudulent misrepresentations, and that therefore it ought to be set aside. The arbitrators did re-open the matter, and awarded to the plaintiffs a further sum, in addition to what they had already received.

Now it is true that the entry on the docket as stated constituted a final decree in the case, and could be pleaded in bar of a

new suit in equity or at law for the same cause. *Foote* v. *Gibbs,* 1. Gray, 412. But if the plaintiffs could establish the fact by evidence that the settlement was procured by fraud, and that they had an unpaid claim that they were entitled to prosecute, they might by proper legal process have obtained a correction of the decree; and thus have removed the bar. What they might thus do by any legal or equitable process, arbitrators might do without such process. The terms of the submission were broad enough to include such a claim, and we cannot doubt that as matter of fact both parties intended to submit to the arbitrators the question whether the settlement or record or both were conclusive. If the arbitrators erred, it was within the limits of their authority, and therefore we must treat the award as final and conclusive on this point.

2. It is urged that in another point the arbitrators erred, by not passing upon the whole matter submitted to them.

If they have failed to do this, and have wholly omitted to award upon one of the matters submitted to them, the award is bad. *Bean* v. *Farnam,* 6 Pick. 269. But courts will intend that they have awarded upon all the matters submitted, unless the contrary appears. *Tallman* v. *Tallman,* 5 Cush. 333. *Leavitt* v. *Comer,* Ib. 129. *Strong* v. *Strong,* 9 Cush. 545.

It appears that the sum awarded to Mickles was for the same demand for which he had brought the action mentioned in the submission. The suit pending was one of the matters submitted, but in the award the arbitrators have not expressly made any disposition of the suit, nor even mentioned it. This constitutes the alleged defect.

In the English practice, the case of *Jackson* v. *Yabsley,* 5 B. & Ald. 848, is quite in point. The plaintiff had brought an action of covenant on a lease, and agreed with the defendant to refer the suit and all matters of difference. Each of the parties had claims against the other, and the arbitrators awarded that neither of them should recover anything. It was objected that the award was bad because it did not in terms put an end to the action. But the court overruled the objection, and held that it was sufficient if, looking at the whole award, it appeared that the matters in controversy were determined.

Some of the English cases cited by the defendants' counsel are not applicable to our practice. They are cases of reference by rule of court, where several issues were pending; and it is held to be necessary to the validity of the award in such cases that it shall distinctly dispose of each issue. This is made necessary by their method of taxing costs.

By our practice, when a suit is settled by the parties out of court, it is properly terminated by the entry of " neither party " on the docket. The plaintiff has no longer a claim to prosecute, nor has the defendant a claim for costs. Neither of them ought to appear further in court, except to assent to such an entry. If the settlement of the suit has been by arbitrament and award *in pais*, no other disposition of the case is necessary ; and we cannot think it material that the award should expressly direct this mere formality. In a case where a judgment or decree was necessary to secure a title to property or any right of one of the parties, it would be otherwise.

As it thus appears that the arbitrators have fully exercised their authority, and have not transcended it, we are not at liberty to revise their award in respect to the amount which they found due, or the operation of the statute of frauds, or the existence of fraud in procuring the final settlement, or the existence of a partnership, and we must assume that the parties understood this when they made the submission.

There is another ground upon which the bill in equity must be dismissed, namely, that all objections to the award were open to the party by way of defence to an action at law upon it. *Bean* v. *Farnam*, 6 Pick. 269.

Judgment must therefore be entered for the plaintiffs in the action at law ; and the bill in equity must be dismissed, with costs.